**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| NICKI BOYD,<br><br>                Plaintiff,<br><br>vs.<br><br>LAS VEGAS DETENTION CENTER,<br><br>                Defendant. | Case No. 2:14–cv–1775–JCM–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION** |

       This matter involves *pro se* Plaintiff Nicki Boyd's personal-injury action against the Las Vegas Detention Center. (*See* Compl. #1-1[1]). Before the court are Plaintiff's Application to Proceed in *Forma Pauperis* and Complaint. For the reasons stated below, Plaintiff's Application to Proceed in *Forma Pauperis* is granted and the complaint should be dismissed with leave to amend.

**BACKGROUND**

       Nicki Boyd was detained at the Las Vegas Detention Center from April 3, 2013 to April 4, 2013. (Compl. (#1-1) at ¶¶ 1–3). On or about July 25, 2014, Plaintiff suffered from a drug overdose from "wrongfully prescribed" medication for a "seizure disorder." (*Id.* at ¶ 5). Plaintiff "repeatedly, requested help . . . as prepared for court hearing" [*sic*] and was transported to the University Medical Center for treatment for the drug overdose. (*Id.* at ¶¶ 6–7). On the same day, Plaintiff "suffer[ed] lacerations" to her "head, chest, arms, legs, head, and [illegible]." (*Id.* at ¶ 8). This resulted in a three-day hospitalization. (*Id.* at ¶ 9). Plaintiff "had to be sutured up," "developed kidney problems," and "developed heart problems." (*Id.* at ¶¶ 10–12). Now, she requires a wheelchair and continues to experience side effects and allergic reactions from medication. (*Id.* at ¶¶ 13–14).

---

[1] Parenthetical citations refer to the court's docket.

### *IN FORMA PAUPERIS* APPLICATION

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002). Here, Plaintiff asserts in her application to proceed *in forma pauperis* that she has been unemployed since 2005, has no assets, and no money in a checking or savings account. Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

### LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where a *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

3

**DISCUSSION**

Boyd's complaint is dismissed with leave to amend for two reasons. First, Boyd's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must plausibly allege that (1) a defendant acted under the color of state law and (2) deprived her of rights secured by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Boyd's complaint fails to satisfy both requirements. She alleges that she was detained at the Las Vegas Detention Center from April 3, 2013 to April 4, 2013 and that her injuries occurred after her release. As a result, it does not appear that her injuries occurred as a result of a defendant acting under color of state law.

Additionally, Boyd also failed to plausibly allege that defendants deprived her of rights secured by the Constitution or federal statutes. Paragraph eight of her complaint could be construed as a claim for excessive force. However, Boyd does not appear to have been in custody when she "suffer[ed] lacerations" to her "head, chest, arms, legs, head, and [illegible]." (*See* Compl. (#1-1) at ¶ 8).

Second, assuming Boyd's complaint states a claim for personal injury, the court lacks subject-matter jurisdiction to entertain her action. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute, *see id.* (citation omitted) and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. CONST. art. III, § 2, cl. 1. The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799).

4

To prove that the court would have jurisdiction over Boyd's personal-injury action, she must demonstrate that all plaintiffs and all defendants are residents of different states and that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Boyd's complaint fails to meet section 1332's requirements because both Plaintiff and Defendant are residents of the state of Nevada.[2]

However, because Boyd is proceeding *pro se*, the court grants her leave to file an amended complaint that cures the deficiencies outlined above. *Cato*, 70 F.3d at 1106.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Applications to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that Plaintiff's Complaint (#1-1) be DISMISSED WITH LEAVE TO AMEND.

IT IS FURTHER RECOMMENDED that the Court set a DEADLINE to file the amended complaint.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

---

[2] Federal Rule of Civil Procedure 8(a)(1) requires a plaintiff's complaint to contain a "short and plain" statement of the grounds for the court's jurisdiction. Here, Boyd could theoretically satisfy this requirement in one of two ways. First, she could demonstrate that all defendants and all plaintiffs are residents of different states. *See* 28 U.S.C. § 1332. Second—which is more realistic—she could allege that defendants violated a federal statute or her constitutional rights. *See* 28 U.S.C. § 1331.

5

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 28th day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE